IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

vs.                          Criminal Docket No. 4:04CR00084 GH

DONNIE L. SNYDER

PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.  As the result of the guilty plea on Count 4 of the indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 2253, defendant shall forfeit to the United States:

a.  all property used or intended to be used in any manner or part to commit or facilitate the commission of such violations .

2.  The Court has determined, based on the defendant's plea agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the government has established the requisite nexus between such property and such offenses :

(a)  Computer equipment including Monitors SN 926GA23NA162 and MN 564SA, and CPUs SN RYN91820212 and SN 9004CMPZL462

(b)  Scanner - SN HAJ0019BD046627

(c)  Web Camera

(d)  Compaq Printer - 1M9ACNC181HM

3.  Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the property subject to forfeiture, and to conduct any discovery proper in

identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.   Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.   The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct.   The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.   Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 2253(m)(2).

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment.   If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as

provided by Fed. R. Crim. P. 32.2(c)(2).

8.   Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. § 2253(m)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this 25th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE